# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BMO HARRIS BANK, NA,<br><br>        Plaintiff,<br>v.<br><br>OLD REPUBLIC INSURANCE COMPANY and FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Guaranty Bank,<br><br>        Defendants. | Case No. 17-CV-772-JPS<br><br>**ORDER** |

   On July 28, 2017, the Federal Deposit Insurance Corporation ("FDIC") moved for a stay of this case pending the exhaustion of the administrative claims process established under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). (Docket #12). The FDIC states that plaintiff BMO Harris Bank, NA's ("BMO") claims in this action are subject to FIRREA's mandatory administrative process because they are asserted against the FDIC in its capacity as receiver for a failed financial institution—in this case, Guaranty Bank. *Id.* at 1-2. Because it is mandated by statute, the Court will grant the FDIC's motion to stay pending exhaustion of the administrative claims process.

   FIRREA established an administrative claims process for resolving claims against a failed financial institution. 12 U.S.C. §§ 1821(d)(3)-(13). As part of that process, the FDIC may set a "claims bar date" for claims against the failed financial institution, after which the FDIC has 180 days to review and grant or deny each claim. 12 U.S.C. §§ 1821(d)(3), (d)(5)(C), (d)(5)(A)(i).

According to the exception allowing federal jurisdiction, a claimant may then "file suit on such claim (or continue an action commenced before the appointment of the receiver)" in district court, within sixty days of either the FDIC's initial determination or conclusion of the 180–day period in which the FDIC may make a determination. 12 U.S.C. § 1821(d)(6)(A).

The statute mandates use of the administrative claims process before a federal court may hear a claim against a failed bank for which the FDIC acts as receiver. *See* 12 U.S.C. § 1821(d)(13)(D) (no jurisdiction over claims against an institution for which the FDIC is appointed receiver, except as otherwise provided). As the Seventh Circuit has noted, "FIRREA contains a clear jurisdictional bar against suits seeking payment of claims against failed banks taken over by the FDIC[.]" *Miller v. F.D.I.C.*, 738 F.3d 836, 844 (7th Cir. 2013); *see also Maher v. F.D.I.C.*, 441 F.3d 522, 525 (7th Cir. 2006) ("Under FIRREA, a claimant can file an administrative claim with the receiver, which then has 180 days to allow or deny the claim. If the receiver denies or does not render a decision within 180 days, the claimant has 60 days to file suit. Federal courts lack jurisdiction to address claims that fail to comply with FIRREA's administrative claims process.").

Rather than dismissing suits involving such claims, courts have interpreted the law as allowing for entry of a stay pending exhaustion. *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1155 (1st Cir. 1992) ("[G]iven Congress' insistence that virtually all claims against failed financial institutions should be subjected to administrative scrutiny once the FDIC steps in as a receiver, we see no reason why . . . district judges would not, upon request of a party, hold pending litigation in abeyance until the administrative review process has run its course, or 180 days has passed, whichever first occurs."); *Brown Leasing Co. v. F.D.I.C.*, 833 F. Supp. 672, 675 (N.D. Ill. 1993),

aff'd sub nom. *Brown Leasing Co. v. Cosmopolitan Bancorp, Inc.*, 42 F.3d 1112 (7th Cir. 1994) ("Generally, a district court exercises its discretion and stays the proceedings to permit exhaustion of the mandatory administrative claims review process.") (internal quotation omitted).

Entry of a stay serves FIRREA's objective of maintaining an efficient claims process. Thus, the Court finds that, because BMO has not yet filed an administrative claim, let alone exhausted the administrative claims process, *see* (Docket #12-1 at 2), this Court is obliged to enter a stay pending completion of that process. The Court will grant the FDIC's motion to stay this case until the earlier of (i) February 5, 2018 (which is 180 days after the claims bar date of August 9, 2017, set by the receiver in the Guaranty Bank receivership); or (ii) ten days after the FDIC issues a notice informing BMO of the disposition of any administrative claim which BMO may file before the claims bar date.

Accordingly,

**IT IS ORDERED** that defendant FDIC's Motion to Stay (Docket #12) be and the same is hereby **GRANTED**. This action is hereby **STAYED** until the earlier of (i) February 5, 2018, or (ii) ten days after the FDIC issues a notice informing BMO of the disposition of any administrative claim which BMO may file before the claims bar date.

Dated at Milwaukee, Wisconsin, this 4th day of August, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge